# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

AFCO CREDIT CORPORATION,

    Plaintiff,

v.

AMERICAN PIPELINE CONSTRUCTION LLC,

    Defendant.

Case No. 1:23cv20026

## COMPLAINT

Plaintiff, AFCO CREDIT CORPORATION ("AFCO") by its attorneys, sues Defendant, AMERICAN PIPELINE CONSTRUCTION LLC ("Defendant") and hereby alleges as follows:

## PRELIMINARY STATEMENT

This is a straightforward action to obtain a judgment against Defendant resulting from its failure to perform its payment obligations under an Insurance Premium Finance Agreement (the "Agreement").  Plaintiff submits the accompanying Affidavit of Patti L. Smith, sworn to December 27, 2022 (the "Smith Aff."), in support of its Complaint.

Despite receiving multiple written notices of default and demand for payment from AFCO, Defendant has failed and refused to make the payments due to AFCO as required under the Agreement.  *See* Smith Aff ¶ 10.  No defenses exist that would permit non-payment and AFCO has performed all obligations, if any, required of it under the Agreement.

## THE PARTIES

1. Plaintiff, AFCO, is a corporation organized under the laws of the State of New York with its main office located at 711 Fifth Avenue, 6th Floor, New York, NY 10022.

2. Upon information and belief, Defendant, AMERICAN PIPELINE CONSTRUCTION LLC, is a corporation organized under the laws of the State of Florida, with its principal place of business located at 4914 Southwest 72nd Avenue, Miami, Florida 33155.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is an action for damages which exceed $75,000, exclusive of interests and costs and the parties are citizens of different states.

4. Defendant is subject to personal jurisdiction in Florida because it is domiciled in this District and has consented to the jurisdiction of the courts of the Florida with respect to any proceedings relating to the Agreement which is the subject of this action.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

**A.    The Loan Documents**

6. On August 23, 2021, Defendant executed the Agreement with AFCO. A true and correct copy of the Agreement is attached to the Smith Aff. as **Exhibit A**. Under the Agreement, AFCO made a loan to Defendant in the total amount of $957,467.56 to pay the insurance premiums for certain insurance policies as identified on the Agreement (the "Financed Policies"). *See* Smith Aff., Ex. A.

7. Pursuant to the Agreement, Defendant agreed to make a down payment in the amount of $88,642.44 and was required to make eleven (11) monthly payments, each in the amount of $88,642.44, commencing September 24, 2021, with a final eleventh (11th) payment due on July 24, 2022. *See* Smith Aff. Ex. A

8. The Agreement is governed by laws of the State of Florida. *See* Smith Aff. Ex. A, ¶ 21 ("The laws of the state indicated in [Defendant's] address as set forth herein will govern this agreement.").

9. Defendant's absolute and unconditional promise to pay AFCO is set forth in Section 2 of the Agreement, which provides "**PROMISE OF PAYMENT**: [Defendant] requests that [AFCO] pay the premiums in the Schedule of Policies. The [Defendant] promises to pay [AFCO] the amount stated in Block F above according to the payment schedule, subject to the remaining terms of the agreement." *See* Smith Aff. Ex. A, ¶ 3.

10. Under the terms of the Agreement and applicable Florida law, Defendant granted AFCO a security interest in any and all unearned premiums (the "Unearned Premiums") that may become payable under the Financed Policy to secure the obligations of Defendant to AFCO under the Agreement. *See* Smith Aff. Ex. A, ¶ 3. Additionally, Defendant irrevocably appointed AFCO as Attorney-in-Fact for Defendant with full authority to effect cancellation of the Financed Policies. *Id.* Further, AFCO has the right to cancel the Financed Policies, to obtain all of the Unearned Premiums under the Financed Policy, to retain the sums due to AFCO, and to return any excess to Defendant.

11. Additionally, under Section 15 of the Agreement, Defendant is obligated to pay the attorneys' fees and costs incurred by AFCO in the enforcement of its rights thereunder, including this lawsuit. *See* Smith Aff. Ex. A, ¶ 16.

**B.    Default Under the Agreement**

12. Pursuant to Defendant's statement of account (the "Account Statement"), Defendant made the down payment and four (4) of the monthly payments. A true and correct copy of the Account Statement is attached to the Smith Aff. as **Exhibit B**.

13. Defendant failed to make the monthly payment due on January 24, 2022. Pursuant to the terms of the Finance Agreement, the entire amounts due thereunder have been accelerated. As set forth in the Account Statement, the amount due and owing, after acceleration, and not including attorneys' fees and costs, or late fees, totaled $620,497.08 as of January 25, 2022 (the "Obligations"). *See* Smith Aff. Ex. B**.**

14. The Obligations take into account and include all just and lawful offsets, payments, and credits to Defendant.

15. On January 28, 2022, as authorized under the Finance Agreement and applicable law, AFCO sent notice to Defendant of its payment default and AFCO's intent to cancel the Financed Policy (the "Notice of Intent"). A true and correct copy of the Notice of Intent is attached to the Smith Aff. as **Exhibit C**.

16. On February 08, 2022, AFCO sent notice of cancellation (the "Cancellation Notice") to Defendant, effectively cancelling the Financed Policies as of February 13, 2022. A true and correct copy of the Cancellation Notice is attached as **Exhibit D**.

17. By letter dated September 20, 2022, AFCO made demand on Defendant to pay all outstanding Obligations owed under the Agreement (the "Demand Letter"). A true and correct copy of the Demand Letter is attached to the Smith Aff. as **Exhibit E**.

18. As of November 16, 2022, AFCO received total Unearned Premiums in the amount $502,182.00, which AFCO applied to the Obligations as reflected in the Account History. *See* Smith Aff. Ex. B.

19. On or about November 18, 2022, AFCO notified Defendant once more of the outstanding balance due of $120,464.89 (the "Notice of Balance Due"). A true and correct copy of the Notice of Balance Due is attached to the Smith Aff. as **Exhibit F**.

20. Despite these notices and demands, Defendant has failed or refused to pay the amounts due and owing under the Agreement.

21. As set forth above, Defendant's obligation to immediately pay the entire amounts owed on the Agreement to AFCO was triggered by the failure to pay the amounts due under the Agreement when owing and then failure to cure the default. *See* Smith Aff. Ex. A. In addition, upon the occurrence of a default, AFCO is entitled to reimbursement of all costs and expenses, including reasonable attorneys' fees and court costs incurred by AFCO in collecting or otherwise enforcing the Agreement. *See* Smith Aff. Ex. A at ¶ 16.

22. AFCO has fully performed its obligations under the Agreement, and is not aware of any defense Defendant can assert to dispute the enforceability of the Agreement or the amount sought by Plaintiff herein. *See* Smith Aff. ¶¶ 15-16.

C. **Plaintiff's Damages**

23. All obligations are now due and owing under the Agreement, in an amount not less than $120,464.89 as of November 18, 2022, consisting of the loan balance exclusive of interest. *See* Smith Aff. ¶¶ 17-18. In addition, pursuant to the Agreement, AFCO is entitled to an award of all costs and expenses, including reasonable attorneys' fees and court costs incurred by AFCO in collecting or otherwise enforcing the Agreement. *See* Smith Aff. Ex. A at ¶ 16.

**COUNT I**
**BREACH OF CONTRACT**

24. AFCO repeats and realleges each and every allegation contained in the foregoing paragraphs as fully set forth at length herein.

25. Defendant agreed to pay for all installments stipulated by the Agreement, plus reasonable attorneys' fees and court costs incurred by AFCO in collecting or otherwise enforcing the Agreement. *See* Smith Aff. Ex. A generally.

26. Defendant is currently indebted to AFCO for unpaid loan balances totaling $120,464.89. *See* Smith Aff. ¶¶ 17-18.

27. Despite due demand, Plaintiff refuses to pay AFCO any portion of the outstanding balance due and owing. *See* Smith Aff. ¶ 13.

28. As a result of Plaintiff's refusal to pay the outstanding balance, AFCO referred its claim against Defendant to its attorneys for collection.

29. Plaintiff's continuing refusal to pay compelled the aforementioned attorneys to commence the current action, thereby entitling AFCO to collect from Plaintiff court costs.

30. By reason of the foregoing, AFCO is entitled to judgment against Defendant for the sum of $120,464.89 for breach of contract plus court costs.

WHEREFORE, Plaintiff, AFCO CREDIT CORPORATION, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages in the sum of $120,464.89;

b. Attorney's fees, litigation expenses and costs of suit;

c. Any such other or further relief this Court deems just and proper.

Dated: January 4, 2023

Respectfully submitted,

By: /s/ *Maximilien Palenzuela*
Max Palenzuela, Esq.
Florida Bar No. 1031444
Email: mpalenzuela@reedsmith.com
**REED SMITH LLP**
200 S Biscayne Boulevard, Suite 2600
Miami, FL 33131
Telephone: (786) 747-0321
Facsimile: (786) 747-0299

*Attorney for Plaintiff, AFCO Credit Corporation*